IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHAWN ROBERT GOING                                              PLAINTIFF

           v.                    Civil No.  12-2047

RONALD DECKER; GRANT
JONES, Prosecuting Attorney;
CIRCUIT JUDGE MEDLOCK                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff,

Shawn Robert Going, is currently an inmate of the Crawford County Detention Center in Van

Buren, Arkansas.  The case is before me for preservice screening under the provisions of the

Prison Litigation Reform Act.

### 1.  Background

According to the allegations of the complaint, Going was working with Ronald Decker

on some unspecified date.  Going and his girlfriend went home after they had a few beers and she

started getting abusive.  For this reason, Going returned to Decker's home.  Decker then grabbed

a pistol and told Going he was giving him five seconds to leave.  Decker fired the pistol inches

from Going's head.

Decker kept his wife and her friend on their hands and knees with the gun pointed at

them.  Crawford County Sheriff's Department responded and Decker was taken into custody.

Going states Decker was charged with first degree attempted murder but because of a plea

agreement did not get sentenced to any time in prison.

-1-

Going does not feel justice was done.  He names as Defendants Decker, Grant Jones, the prosecuting attorney who handled Decker's case, and Circuit Judge Honor Medlock.  As relief, Going wants Decker's sentence enhanced.

**2.  Discussion**

As noted above, the Plaintiff is an inmate of the Crawford County Detention Center. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

The claims asserted by Plaintiff are clearly subject to dismissal as they are frivolous or are asserted against individuals immune from suit.  First, a § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999).  "A private party may be held liable under § 1983 only if it is a 'willful participant in joint activity with the State or its agents." *Gibson v. Regions Financial Corp.*, 557 F.3d 842 (8th Cir. 2009)(citation and internal quotation marks omitted). Here, Decker engaged in criminal conduct and there is nothing to suggest that there was joint activity between Decker and the other Defendants.  Decker is not subject to suit under § 1983.

Second, the prosecuting attorney, Grant Jones, is immune from suit.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424

-2-

U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

To the extent the complaint seeks injunctive relief, I find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff can make no such showing here.

Third, Judge Medlock is immune from suit under § 1983. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

### 3. Conclusion

Accordingly, I recommend the Complaint be dismissed in its entirety because the claims asserted are frivolous or are asserted against individuals immune from suit. 28 U.S.C. § 1915(e)(2)(B)(i-iii). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file**

-3-

**timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of March 2012.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)